UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE TRAVELERS INDEMNITY
COMPANY,

                    Plaintiff,

- against -

HARLEYSVILLE INSURANCE
COMPANY OF NEW YORK and A.K.S.
INTERNATIONAL INC.,

                    Defendants.

**ORDER**

18 Civ. 600 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        This is an insurance coverage dispute arising out of claims asserted by Leonard Caro against Genesys Engineering, PC, the City University of New York ("CUNY"), and the State of New York. Caro's claims arise out of a January 14, 2016 car accident, and are the subject of two state court personal injury actions.[1] In those cases, Caro alleges that fencing installed by A.K.S. International Inc. as part of a construction project at a Bronx-based CUNY college limited roadway visibility in the area where the accident occurred. (Cmplt. (Dkt. No. 1) ¶ 3) Caro seeks to hold Genesys (the general contractor that hired A.K.S. to erect the fencing), CUNY, and New York State[2] liable for injuries he suffered as a result of the accident. Caro has

---

[1] The two state court actions are Caro v. Ibrahim, Index No. 301378/2016 (N.Y. Sup. Ct. Bronx Cnty.) and Caro v. City University of New York, UID No. 016051/2016 (N.Y. Ct. of Claims).
[2] "CUNY is an 'arm of [New York] state.'" Stanley v. CUNY, John Jay Coll., No. 18-CV-4844(AJN), 2019 WL 4805909, at *2 (S.D.N.Y. Sept. 30, 2019) (quoting Clissuras v. City Univ. of N.Y., 359 F.3d 79, 83 (2d Cir. 2004)).

alleged that the fencing was negligently installed, and caused the accident. (Id. ¶ 24; Cmplt., Ex. A (Dkt. No. 1-1) at 27 ¶ 78; Cmplt., Ex. B (Dkt. No. 1-2) at 17)[3]

Plaintiff Travelers Indemnity Company issued a general liability policy to Genesys (the "Travelers Policy") for the September 1, 2015 to September 1, 2016 time period. (Cmptl. (Dkt. No. 1) ¶ 27) CUNY and New York State are additional insureds on that policy. (Id. ¶ 30) Pursuant to the Travelers Policy, Travelers has provided a defense for Genesys, CUNY, and New York State in the state court actions. Defendant Harleysville Insurance Company of New York – which issued a general liability policy to A.K.S. (the "Harleysville Policy) – has refused to do so. (Cmplt. (Dkt. No. 1) ¶¶ 25-26, 36)

In this action, Travelers seeks a declaration that Harleysville has a duty to defend Genesys, CUNY, and New York State as additional insureds under its policy with A.K.S. (Id. ¶ 1) Travelers also seeks reimbursement for litigation costs incurred to date. (Id.) For its part, Harleysville contends that it has no duty to defend, because the fencing installed by A.K.S. did not cause the car accident. (Def. Br. (Dkt. No. 44) at 2) The parties have cross-moved for summary judgment. (Pltf. Br. (Dkt. No. 29); Def. Br. (Dkt. No. 44)) For the reasons stated below, Travelers' motion will be granted and Harleysville's motion will be denied.

## BACKGROUND

I. **FACTS**

 A. **The Incident**

Genesys was the general contractor for a construction project at Herbert H. Lehman College – a CUNY-affiliated college in the Bronx. (Pltf. R. 56.1 Stmt. (Dkt. No. 28)

---

[3] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

2

¶¶ 2, 3)[4]  Genesys hired A.K.S. to perform certain work on the project, including the installation of fencing.[5]  (Id. ¶ 4)  Genesys's contract with A.K.S. requires A.K.S. to secure insurance that covers Genesys, CUNY, and the State as additional insureds.  (Id. ¶ 5)  A.K.S. obtained such insurance from Defendant Harleysville.  (Id. ¶ 23)

On January 14, 2016, while Caro was walking near Lehman College, he was struck by a car.  (Id. ¶ 7; Pltf. Ex. F (Dkt. No. 26-6) ¶ 9)  On April 8, 2016, Caro sued the driver and A.K.S. in Bronx County Supreme Court.  (Pltf. R. 56.1 Stmt. (Dkt. No. 28) ¶ 7)  In Caro's complaint and bill of particulars, he alleges that A.K.S. obstructed roadway visibility by negligently installing fencing near the construction site.  (Id. ¶¶ 8, 11)  On August 11, 2016, Caro filed an amended complaint that adds Genesys as a defendant, claiming that it is responsible for A.K.S.'s negligent installation of fencing.  (Id. ¶ 11; Pltf. Ex. F (Dkt. No. 26-6) ¶¶ 65, 78)  Travelers has provided a defense for Genesys in the Bronx County Supreme Court action.  (Pltf. R. 56.1 Stmt. (Dkt. No. 28) ¶ 12)

On June 2, 2016, Caro filed a motion for leave to file a late notice of claim against CUNY and New York State in the New York Court of Claims.  (Id. ¶ 13)  Caro's motion alleges that the fencing installed by A.K.S. created a "blind curve" that obstructed the driver's view.  (Id. ¶ 14)  An expert affidavit accompanying the motion asserts that the "construction fencing . . . created a visual obstruction . . . to the clear line of sight of any motorist in" the area and that the

---

[4]  Unless otherwise indicated, the Court cites to facts drawn from Local Rule 56.1 statements because the opposing party has either not disputed those facts or has not done so with citations to admissible evidence.  See Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

[5]  Travelers named A.K.S. as "a potentially interested or necessary party" in the Complaint, but A.K.S. has not appeared, and neither side has contended – in connection with the cross-motions for summary judgment – that A.K.S. is a necessary party.  (Cmplt. (Dkt. No. 1) ¶ 8; Pltf. Br. (Dkt. No. 29) at 6; Def. Br. (Dtk. No. 44))

3

fencing represented a "negligent, unsafe, hazardous and dangerous condition" that was a "substantial factor" in causing the accident. (Id. ¶ 16) Caro's proposed claim, which is annexed to his motion, alleges that the "fencing" "interrupted the line of sight on the roadway," and that CUNY and the State are responsible for these conditions. (Id. ¶ 15; Pltf. Ex. J (Dkt. No. 26-10) at 4)

The Court of Claims granted Caro's motion for leave to file a late notice of claim against CUNY,[6] finding that "there is sufficient information here on the fencing (and its effect on a driver) for negligence and causation to go to the trier of fact." (Pltf. R. 56.1 Stmt. (Dkt. No. 28) ¶ 17) On November 21, 2016, Caro filed his claim against CUNY, alleging, inter alia, that the fencing obstructed roadway visibility. (Id. ¶ 18; Pltf. Ex. M (Dkt. No. 26-13) at 4) Plaintiff Travelers is providing a defense to CUNY in the Court of Claims, and Travelers provided a defense to New York State until it was dismissed from that proceeding. (Pltf. R. 56.1 Stmt. (Dkt. No. 28) ¶¶ 19, 30)

### B. The Insurance Policies

#### 1. The Travelers Policy

As noted above, Travelers issued an insurance policy to Genesys for the period from September 1, 2015 to September 1, 2016. (Id. ¶¶ 19-20) CUNY and New York State are named additional insureds on the Travelers Policy. (Id. ¶ 19) The Travelers Policy provides coverage for lawsuits seeking damages for bodily injuries caused by accidents, and expressly states that the coverage it provides is in excess of any other insurance "available to the insured . . . when the insured is added as an additional insured under any other policy." (Id. ¶ 22) The

---

[6] The Court of Claims concluded that New York State was not a properly named defendant. (Pltf. Ex. L (Dkt. No. 26-12) at 3)

parties do not dispute that the general liability policy Defendant Harleysville issued to A.K.S. is such a policy. (Id.)

### 2. The Harleysville Policy

Defendant Harleysville issued a general liability insurance policy to A.K.S. for the period from March 24, 2015 to March 24, 2016. (Id. ¶ 23) Like the Travelers Policy, the Harleysville Policy provides coverage for lawsuits seeking damages for bodily injuries caused by accidents. (Id. ¶ 24) The Harleysville Policy provides "additional insured" coverage to Genesys, CUNY, and New York State for "liability caused, in whole or in part, by the acts or omissions of [A.K.S]." (Id. ¶¶ 25-26) The Harleysville Policy states that "any coverage provided by this [policy] to an additional insured shall be primary." (Id. ¶ 26)

### C. Harleysville's Coverage Position

On June 27, 2016, Travelers demanded that Harleysville defend and indemnify Genesys, CUNY, and New York State as additional insureds under the Harleysville Policy in connection with the Bronx Supreme Court and Court of Claims cases. (Id. ¶ 27) In a September 28, 2016 letter, Harleysville denied the request, asserting that the "accident did not arise out of the work being performed by A.K.S." (Id. ¶ 28) As support for that assertion, Harleysville cited a police accident report suggesting that the driver's vision was obstructed by a large SUV parked on the side of the road. (Id.; Def. R. 56.1 Stmt. (Dkt. No. 42) ¶ 1)

In a July 30, 2018 deposition, the driver testified that the fencing did not play a role in the accident. (Def. R. 56.1 Stmt. (Dkt. No. 42) ¶¶ 3-4, 7) The driver testified – consistent with the police report – that an SUV blocked his view of Caro. (Id. ¶¶ 6-7) Finally, Harleysville's expert has opined that "the construction fencing was properly installed, and . . .

5

did not violate any safety provisions." (Id. ¶ 8 (citing Mar. 31, 2017 Expert Affidavit (Dkt. No. 18-2))

## II. PROCEDURAL HISTORY

The Complaint was filed on January 23, 2018, and seeks a declaratory judgment that Harleysville has a duty to defend Genesys, CUNY, and New York State in connection with the Bronx Supreme Court and Court of Claims actions, and is obligated to reimburse Travelers for costs and expenses incurred to date, plus interest. (Cmplt. (Dkt. No. 1)) The parties have filed cross-motions for summary judgment. (Pltf. Br. (Dkt. No. 29); Def. Br. (Dkt. No. 41))

## DISCUSSION

## I. LEGAL STANDARD

Summary judgment is warranted where the moving party shows that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing Dister v. Cont'l Grp., Inc., 859 F.2d 1108, 1114 (2d Cir. 1988)). "'[T]hat opposing parties assert competing versions of the same event is not in itself sufficient to preclude summary judgment,' in that contradictory testimony only establishes a 'genuine' issue for trial if it 'lead[s] to a different legal outcome.'" Yi Fu Chen v. Spring

Tailor, LLC, No. 14 Civ. 218 (PAE), 2015 WL 3953532, at *4 (S.D.N.Y. June 29, 2015) (quoting Krynski v. Chase, 707 F. Supp. 2d 318, 322 (E.D.N.Y. 2009)).

In deciding a summary judgment motion, the Court "'resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001) (internal quotation marks and citation omitted)). However, a "'party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . [M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist.'" Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (alterations in original) (quoting Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995)).

"The same standard[s] appl[y] where, as here, the parties file[] cross-motions for summary judgment. . . ." Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001). "[W]hen both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party. Rather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Id. (internal citations omitted).

## II. ANALYSIS

### A. Applicable Law

"[T]he general rule in determining whether an insurer has a duty to defend is to compare the allegations of the complaint with the operative insurance policy." Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co., 363 F.3d 137, 144, 148 (2d Cir. 2004). "In New York, 'an insurer will be called upon to provide a defense whenever the allegations of the complaint in

7

the underlying injury action suggest a reasonable possibility of coverage.'"[7] Gemini Ins. Co. v. Titan Constr. Servs., LLC, No. 17CV8963 (WHP), 2019 WL 4023719, at *6 (S.D.N.Y. Aug. 27, 2019) (quoting Regal Constr. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 15 N.Y.3d 34, 37 (2010)) (alteration omitted). "'If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be.'" Id. (quoting Century 21 Inc. v. Diamond State Ins. Co., 442 F.3d 79, 83 (2d Cir. 2006)). "'The duty to defend remains even though facts outside the four corners of the pleadings indicate that the claim may be meritless. . . .'" Lepore v. Hartford Fire Ins. Co., 374 F. Supp. 3d 334, 344 (S.D.N.Y. 2019), aff'd 2020 WL 598539 (2d Cir. Feb. 7, 2020) (quoting Automobile Ins. Co. of Hartford v. Cook, 7 N.Y.3d 131, 137 (2006)) (alterations omitted).

"'A narrow, but widely recognized exception to the rule allows an insurer to refuse or withdraw a defense if . . . extrinsic [evidence] . . . unrelated to the merits of plaintiff's action, plainly take[s] the case outside the policy coverage.'" Employers Ins. Co. of Wausau v. Kingstone Ins. Co., No. 17 CV 3970 (SDA), 2019 WL 7040427, at *7 (S.D.N.Y. Dec. 4, 2019), report and recommendation adopted, 2019 WL 6998386 (S.D.N.Y. Dec. 19, 2019) (quoting Int'l Bus. Machines, 363 F.3d at 144, 148). For this exception to apply, "the extrinsic evidence relied upon may not overlap with the facts at issue in the underlying case." United States Underwriters Ins. Co. v. Image By J & K, LLC, 335 F. Supp. 3d 321, 331 (E.D.N.Y. 2018); cf. Town of Moreau v. Orkin Exterminating Co., 165 A.D.2d 415, 418 (3d Dep't 1991) (permitting insurer to

---

[7] Because the parties agree that New York law governs their dispute (see Pltf. Br. (Dkt. No. 29) at 13 n.2; Def. Br. (Dkt. No. 44) at 3), this Court applies New York law. See Stephens Inc. v. Flexiti Fin. Inc., No. 18-CV-8185 (JPO), 2019 WL 2725627, at *4 n.3 (S.D.N.Y. July 1, 2019) ("Both parties agree that New York law applies to this case, and so the Court assumes its application as well.").

consider collateral estoppel effect of criminal convictions against insured for knowingly dumping hazardous waste, where policy contained exclusions for intentional pollution).

**B.** **Application**

The Harleysville Policy names Genesys, CUNY, and New York State as additional insureds, and provides coverage for lawsuits seeking damages for injuries resulting from accidents "caused, in whole or in part, by the acts or omissions" of A.K.S. (Pltf. R. 56.1 Stmt. (Dkt. No. 28) ¶¶ 24-26) In the state court actions, Caro seeks damages for injuries resulting from an accident allegedly caused – at least in part – by fencing that A.K.S. installed. (Id. ¶¶ 8, 11, 15) Accepting the allegations in Caro's pleadings as true, the accident was "caused, in whole or in part, by the acts or omissions" of A.K.S. (Id. ¶ 26) And based on the facts alleged in Caro's pleadings, Harleysville plainly has a duty to defend under the terms of the Harleysville Policy. Harleysville does not argue otherwise. (Def. Br. (Dkt. No. 44) at 2; Def. R. 56.1 Stmt (Dkt. No. 39) ¶¶ 23-26)

In refusing to provide a defense for Genesys, CUNY, and New York State, Harleysville relies solely on extrinsic evidence – namely, the police report, the driver's deposition testimony, and the affidavit from its expert. (Def. Br. (Dkt. No. 44) at 4; see also Def. Opp. (Dkt. No. 41) at 4-5) This evidence, Harleysville argues, "eliminates any liability for AKS in the happening of the subject accident." (Def. Br. (Dkt. No. 44) at 4) For example, Harleysville contends that the driver's deposition testimony makes clear that "the fence erected by AKS" played no role in the accident. (Id. at 5) Because there is – according to Harleysville – no scenario in which Genesys, CUNY, and New York State will be held liable based on A.K.S.'s negligence, Harleysville has no duty to defend these entities in the state court actions. (Id. at 3-4 (citing Striker Sheet Metal II Corp. v. Harleysville Ins. Co. of New York, No. 2:16 CV 5916

9

(ADS) (AYS), 2018 WL 654445, at *9 (E.D.N.Y. Jan. 31, 2018) ("'It is well settled that an insurance carrier can be relieved of its duty to defend if it establishes, as a matter of law, that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision.'") (quoting In re Transtate Ins. Co., 303 A.D.2d 516, 516 (2d Dep't 2003))).

While there is extrinsic evidence suggesting that the fencing installed by A.K.S. may not have caused the accident, the "'duty to defend remains even though facts outside the four corners of the pleadings indicate that the claim may be meritless.'" Lepore, 374 F. Supp. 3d at 344 (quoting Automobile Ins. Co., 7 N.Y.3d at 137); see also City of New York v. Liberty Mut. Ins. Co., No. 15-CV-8220 (AJN), 2017 WL 4386363, at *15 (S.D.N.Y. Sept. 28, 2017) ("[U]nder New York law[,] . . . extrinsic evidence cannot be used to defeat the duty to defend unless it is unrelated to the merits of the underlying plaintiff's action.") (internal alterations and quotation marks omitted). The extrinsic evidence cited by Harleysville goes directly to the merits of Caro's claims against A.K.S. and, by extension, his claims against Genesys, CUNY, and New York State (to the extent that Caro seeks to hold these entities liable for A.K.S.'s conduct). Extrinsic evidence of this sort cannot be relied on to defeat a duty to defend claim. See Liberty Mut. Ins. Co., 2017 WL 4386363, at *13 ("[T]he extrinsic evidence the Defendant has presented goes to an issue relevant to the merits of the underlying complaints. Under clearly established New York law . . . , such evidence cannot justify Liberty [Mutual]'s refusal to defend. . . ."). Any other conclusion "would obviate a core principle of the duty to defend – that the duty extends even as to meritless claims." United States Underwriters, 335 F. Supp. 3d at 332 (emphasis in original); see also Cont'l Cas. Co. v. JBS Const. Mgmt., Inc., No. 09-CV-6697, 2010 WL 2834898, at *3 (S.D.N.Y. July 1, 2010) ("To permit the insurer to withdraw its defense

whenever it becomes clear that the underlying lawsuit is meritless would wholly undermine the well-established function of the duty to defend to serve as 'litigation insurance.'").

Harleysville relies heavily on Striker Sheet Metal II Corp. v. Harleysville Ins. Co. of New York, No. 2:16 CV 5916 (ADS) (AYS), 2018 WL 654445, at *9-10 (E.D.N.Y. Jan. 31, 2018), where the district court found – based on extrinsic evidence – that a policy exclusion absolved the insurer of its duty to defend. (Def. Br. (Dkt. No. 44) at 3-5; Def. Reply (Dkt. No. 43) at 6-9) Unlike here, however, the extrinsic evidence offered by Harleysville in Striker Sheet Metal II was "wholly irrelevant" to the merits of the underlying action. Striker Sheet Metal II, 2018 WL 654445, at *10 ("Importantly, the issues and extrinsic evidence present are wholly irrelevant to the principal merits of the [u]derlying action, as required by the Second Circuit to disclaim the duty to defend.") (internal alterations omitted). Accordingly, Harleysville's reliance on Striker Sheet Metal II is misplaced.

## CONCLUSION

For the reasons stated above, Plaintiff Travelers' motion for summary judgment (Dkt. No. 25) is granted, and Defendant Harleysville's motion for summary judgment (Dkt. No. 40) is denied.

Travelers seeks to recover costs and expenses it incurred in providing a defense to Genesys, CUNY, and New York State in the underlying state court actions (Cmplt. (Dkt. No. 1) ¶ 1; Def. Br. (Dkt. No. 29) 6, 24), but has not briefed the question of whether an award of costs and expenses would be appropriate under the circumstances.[8] Nor has Travelers provided an

---

[8] Relevant case law indicates that Harleysville is liable for the costs and expenses that Travelers incurred in providing a defense to Genesys, CUNY, and New York State. See, e.g., Beazley Ins. Co., Inc. v. ACE Am. Ins. Co., et al., 197 F. Supp. 3d 616, 632-33 (S.D.N.Y. 2016), aff'd sub nom., 880 F.3d 64 (2d Cir. 2018) ("[W]here an insurer breaches the duty to defend . . . it must pay damages in the form of attorneys' fees and litigation expenses reasonably incurred by the

11

accounting of the relevant costs and expenses. To the extent that the parties dispute these issues, the following schedule will apply to Travelers' application for costs and attorneys' fees:

1. Travelers' motion is due **April 2, 2020**.

2. Harleysville's opposition is due **April 16, 2020**.

3. Travelers' reply, if any, is due **April 23, 2020**.

Dated: New York, New York
       March 19, 2020

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

---

insured in defending the underlying action."); Wausau Underwriters Ins. Co. v. Old Republic Gen. Ins. Co., 122 F. Supp. 3d 44, 57 (S.D.N.Y. 2015) ("In the event of a breach of the insurer's duty to defend, the insured's damages are the expenses reasonably incurred by it in defending the action after the [insurer's] refusal to do so."); Danaher Corp. v. Travelers Indem. Co., No. 10cv0121 (JPO) (JCF), 2015 WL 409525, at *2 (S.D.N.Y. Jan. 16, 2015), adopted by, 2015 WL 1647435 (Apr. 14, 2015) ("Where . . . an insured is forced to defend an action because the insurer wrongfully refused to provide a defense, the insured is entitled to recover its reasonable defense costs, including attorneys' fees.").